IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VICTORIA BORDIGNON, | ) | CV. NO. 08-00572 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER TO SHOW CAUSE |
| | ) | |
| vs. | ) | |
| | ) | |
| DEUTSCHE BANK AG, et al. | ) | |
| _____ | ) | |

ORDER TO SHOW CAUSE

Plaintiff Victoria Bordignon ("Plaintiff") filed the instant action on December 16, 2008 against Defendants Deutsche Bank AG ("Deutsche Bank") and Approved Mortgage, Inc. ("Approved Mortgage"). (Doc. # 1.) On January 22, 2009, Plaintiff requested that default be entered against Deutsche Bank for failure to answer her complaint.[1] (Doc. # 6.) Default was entered against Deutsche Bank that day. (Id. at 5.)

On June 9, 2009, Plaintiff filed an amended complaint against Defendants Deutsche Bank, Approved Mortgage, Deutsche Bank National Trust Company, and Citibank N.A. ("Citibank"). (Doc. # 9.) Plaintiff later dismissed all

---

[1] Plaintiff alleged that Deutsche Bank was served on December 26, 2008. (Doc. # 6 at 2.)

of her claims against Approved Mortgage.  (Doc. # 13.)  By stipulation filed August 14, 2009, Plaintiff's counsel withdrew from the case.  (Doc. # 19.)

The significance of Plaintiff's amended complaint is that it "supersedes the original, the latter being treated thereafter as non-existent."  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (quotations omitted).  Thus, the filing of Plaintiff's amended complaint "effectively nullifie[d]" Deutsche Bank's default on the original complaint.  See Gen. Produce Co., Ltd. v. Alex R. Thomas & Co., Civ. No. S-08-1084 JAM EFB, 2009 WL 1871678, at *3 (E.D. Cal. June 29, 2009).  Plaintiff has not filed an executed return of service or any other proof that Defendants Deutsche Bank, Deutsche Bank National Trust Company, or Citibank were served with the amended complaint.  Rule 4(m) of the Federal Rules of Civil Procedure provides, "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service must be made within a specified time."  While the Court recognizes that Plaintiff has had difficulty searching for and securing counsel, over a year has passed since her amended complaint was filed.

Based on the foregoing, Plaintiff is ORDERED to appear before the Honorable Barry M. Kurren, United States Magistrate Judge, on **Tuesday,**

**August 3, 2010 at 9:30 a.m.** to show good cause, if any, why this case should not be dismissed for her failure to serve the above-mentioned Defendants within the time required and to prosecute this case.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, July 5, 2010.



        /S/ Barry M. Kurren
        Barry M. Kurren
        United States Magistrate Judge

Bordignon v. Deutsche Bank, AG, et al., CV. NO. 08-00572 SOM-BMK; ORDER TO SHOW CAUSE.